UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
                                                             :

UNITED STATES OF AMERICA,           :

                -against-                            :           **SUMMARY ORDER**
                                                            :           18-cr-501 (DLI)

MICHAEL POYIN CHANG,             :

                       Defendant.              :

---------------------------------------------------------- x

**DORA L. IRIZARRY, Chief United States District Judge:**

      Michael P. Chang ("Defendant" or "Chang") is charged with theft of government funds in violation of 18 U.S.C. § 666(a)(1)(A). Indictment, Dkt. Entry No. 12. On December 4, 2019, Defendant filed a letter disclosing his intention to call at trial Richard M. Gawron ("Gawron"), as an expert in CityTime, the interface used by New York City employees to log the hours they spend working or on leave. Def. Ltr., Dkt. Entry No. 22. Defendant attached to his letter a copy of Gawron's Expert Report and Opinions (the "Expert Report") and Gawron's curriculum vitae. *Id.*, Ex. 1, 2. respectively. Gawron's "overall opinion," based on the data he analyzed, is that "Dr. Chang did not know how to properly use CityTime and specifically was never trained on or explained the importance of Time In/Out punches and Annual Leave in CityTime." *Id*.

      On December 18, 2019, the government moved to "preclude the admission of any expert opinion testimony from Mr. Gawron regarding the defendant's understanding of the CityTime system or the defendant's level of training (or lack thereof) on the CityTime system," but did not object to the expert's testimony as to how the system works. Mot. to Exclude ("Mot."), Dkt. Entry No. 24. Defendant opposed the motion on January 3, 2020. Ltr. Response to Govt. Request to Preclude ("Opp'n"), Dkt. Entry No. 26. The government filed a reply in support of its motion on

January 17, 2020. Mem. in Supp. of Mot. to Exclude ("Reply"), Dkt. Entry No. 28. For the reasons set forth below, the government's motion to exclude the expert's testimony in part is granted.

## DISCUSSION

The government does not seek to preclude all of Gawron's testimony because it acknowledges that Gawron "is fully conversant with the CityTime system and possesses the requisite expertise to explain to the jury how that system operates" and could so testify. Mot. at 3. Instead, the government seeks to preclude testimony from Gawron "regarding the defendant's level of knowledge about how the CityTime system did or did not work" as well as testimony regarding whether the Defendant was adequately trained in the use of CityTime, as "based on speculation" and "defendant's otherwise inadmissible self-serving hearsay statements." *Id.*

Federal Rule of Evidence 704(b) ("Rule 704(b)"), which is not addressed by either the government or defense, precludes Gawron from testifying as to Chang's understanding of the CityTime system and whether Chang received adequate training on its use. Rule 704(b) provides that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). The jury in this case must determine whether the Defendant "knowingly and intentionally" stole funds from the New York City Fire Department. The government alleges in the indictment that Chang stole funds from the New York City Fire Department by billing for hours he did not work using the CityTime system. *See*, Indictment ¶¶ 7-14. Rule 704(b) prohibits Gawron from offering his "overall opinion" on the sufficiency of Chang's training on and understanding of the CityTime system because such testimony would be tantamount to opining on whether Chang knowingly or intentionally stole funds from the New York City Fire Department, thus usurping the jury's role.

*See*, *United States v. DiDomenico*, 985 F.2d 1159, 1165 (2d Cir.1993) (affirming exclusion of expert witness under Rule 704(b) where proposed testimony amounted to a statement regarding the "bottom-line inference" of whether defendant possessed the requisite mental state to commit a crime); *See also*, *United States v. Haynes*, 729 F.3d 178, 196 (2d Cir. 2013) (plainly erroneous for district court to admit expert testimony regarding defendant's state of mind). Accordingly, such testimony is inadmissible.

Additionally, Gawron's "overall opinion" as to Chang's training and understanding of CityTime must be excluded under Federal Rule of Evidence 702(b) because his ultimate conclusions lack a sufficient basis in the data identified in the Expert Report. While Gawron's CityTime expertise and his analysis of data relevant to Chang's use of CityTime allow him to conclude that Chang was not using CityTime properly for purposes of recording hours worked and vacation time used, he cannot testify as to his "overall opinion" that, as a result, Chang received insufficient training on use of the system and did not understand its operation. *See*, Expert Report at 10-12. Gawron's conclusions as to the reasons for Chang's improper use of the system, *i.e.*, that he was inadequately trained and did not understand how to use CityTime, do not follow necessarily as a matter of logic and rest on an insufficient foundation in the data reflected in the Expert Report. *See*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (holding that "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered" to allow an expert to state the opinion to the jury) (citation omitted). Accordingly, Gawron's testimony as to his "overall opinion" must be excluded for the additional reason that it is based on insufficient facts or data. *See*, Fed. R. Evid. 702(b).

## **CONCLUSION**

For the foregoing reasons, the government's motion to exclude Gawron's anticipated expert testimony in part is granted.

SO ORDERED.

Dated: Brooklyn, New York
       January 21, 2020

                                                      /s/
                                     DORA L. IRIZARRY
                                        Chief Judge