UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :     **MEMORANDUM & ORDER**
            -against-                                       :     18-cr-501 (DLI)
                                                            :
MICHAEL POYIN CHANG,                                        :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge:**

On April 17, 2020, Michael P. Chang ("Defendant") moved for three forms of relief following the government's late disclosure of Jencks Act, 18 U.S.C. § 3500, material ("3500 Material"). *See generally*, Def.'s Mot., Dkt. Entry No. 37. First, Defendant requests that the government disclose the grand jury minutes pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) because grounds may exist to dismiss the indictment. *Id.* at 3-4. Alternatively, Defendant asks the Court to conduct an *in camera* review of the grand jury minutes. *Id.* at 3. Second, Defendant moves to preclude the government from introducing his CityTime time sheets as evidence at trial pursuant to Federal Rule of Criminal Procedure 16(d)(2) and Federal Rule of Evidence 803(6). *Id.* at 4-6. Third, Defendant requests a *Daubert* hearing wherein the Defendant's expert will testify that the 3500 Material renders the CityTime evidence unreliable. *Id.* at 5. The government opposed the motion. *See*, Gov't Opp'n, Dkt. Entry No. 38. Defendant replied. *See*, Def.'s Rep., Dkt. Entry No. 41. The parties submitted supplemental briefs. *See*, Gov't Supp. Br., Dkt. Entry No. 44; Def.'s Supp. Br., Dkt. Entry No. 45. For the reasons set forth below, Defendant's motion is denied in its entirety.

**BACKGROUND**

Defendant's trial on a single count of embezzling federal funds in violation of 18 U.S.C. § 666(a)(1)(A) was scheduled to commence on February 3, 2020. On January 27, 2020, the government produced 3500 Material to Defendant, including a memorandum dated July 20, 2018, summarizing an interview with Sylvia Harrell, a timekeeper for the New York City Fire Department ("FDNY"). *See*, Harrell Memorandum, Dkt. Entry No. 35-1 at 4-9. Harrell stated that Dr. Kerry Kelly, Defendant's supervisor during his time with the FDNY, did not know how to use the CityTime system and that it was her driver, Robert Hart, who "managed the time of the employees under Kelly in her stead." *Id.* at 6. Harrell explained that Hart "would [] approve [defendant's] time, under Kelly's orders." *Id.* The government also produced the grand jury minutes constituting the entirety of the evidence presented to the grand jury, but redacted pages involving the colloquy between the government and the grand jurors and the government's instructions to the grand jury. *See*, Gov't Opp'n at 4; Sealed Exhibit, Dkt. Entry No. 38-1.

On January 30, 2020, the government produced a memorandum to Defendant, dated January 24, 2020, summarizing an interview with Hart. *See*, Hart Memorandum, Dkt. Entry No. 35-1 at 11-13. Hart confirmed to the government that he used Kelly's username and password in the CityTime system to approve the time sheets submitted by doctors. *Id.* at 12. The production also contained a summary of a January 29, 2020 interview with Kelly. *See*, Kelly Memorandum, Dkt. Entry No. 35-1 at 14-15. Kelly explained to the government that when she stated that she approved time sheets for doctors under her supervision, she meant that she was responsible for the approvals, but she delegated this task to Hart who used her username and password. *Id.* at 14.

Following these disclosures, on January 30, 2020, Defendant moved to continue trial for one week with the government's consent. *See*, First Motion to Continue Trial, Dkt. Entry No. 33.

On January 31, 2020, the Court denied Defendant's request. Defendant then moved for reconsideration of his motion to continue and attached the government's summaries of its interviews with Harrell, Hart, and Kelly. *See*, First Motion for Reconsideration, Dkt. Entry No. 35. The Court granted Defendant's motion and adjourned trial *sine die*. At a February 3, 2020 status conference, the Court stated that the Harrell Memorandum qualified as *Giglio* and possibly *Brady* material. *See*, February 3, 2020 Hr'g Tr. at 5, Dkt. Entry No. 43. The Court set a March 5, 2020 status conference to allow Defendant time to investigate and respond to the newly disclosed 3500 Material. After conducting an *in camera* review of the Harrell memorandum, the Court ordered the government to produce to Defendant certain portions of the memorandum unredacted.

At the March 5, 2020 status conference, the Court stated that Kelly's decision to delegate time sheet approvals to Hart, who may not have had the authority to approve Defendant's time sheets, is not a defense to the crime charged. *See*, March 5, 2020 Hr'g Tr. at 15, Dkt. Entry No. 40. The Court explained that Kelly's decision making may impact her credibility and be fodder for cross-examination, but has no bearing on Defendant's *mens rea* for the alleged crime. *Id.* at 6, 15. Further, Defendant ultimately was paid for the time that he entered in the CityTime system regardless of who approved his time sheets. *Id.* at 13. Nonetheless, the Court permitted Defendant to submit pretrial motions concerning the government's late disclosure of the 3500 Material. Defendant filed the instant motion on April 17, 2020. *See*, Def.'s Mot. The government opposed the motion, including with its opposition a sealed exhibit containing the redacted version of the grand jury minutes that it produced to Defendant. *See*, Gov't Opp'n. Defendant replied, attaching an amended report from his expert regarding the 3500 Material. *See*, Def.'s Rep. The parties submitted supplemental briefs. *See*, Gov't Supp. Br.; Def.'s Supp. Br.

**DISCUSSION**

**I.      Disclosure of Grand Jury Minutes**

Defendant argues that disclosure of the grand jury minutes in their entirety or *in camera* review is appropriate under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). Specifically, Defendant claims that "grounds may exist to dismiss the indictment" based on the government's presentation of CityTime evidence to the grand jury, "which the government knew or should have known [] as early as mid-July 2018, was materially false[.]" Def.'s Mot. at 3. The government asserts, and Defendant does not question, that it produced to Defendant the minutes that constitute "the entirety of the evidence presented to the grand jury," except for "the colloquy between the government and the grand jurors and the government's instructions to the grand jury." Gov't Opp'n at 4. The government does not object to the Court conducting an *in camera* review of the minutes, but argues that any further disclosure of the minutes is unwarranted because Defendant has failed to make specific factual allegations of government misconduct. *Id.* at 5.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that a court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" However, the defendant "must satisfy a heavy burden of showing that 'compelling necessity' outweighs countervailing public policy in order to disturb the presumption of the 'indispensable secrecy of grand jury proceedings.'" *United States v. Barret*, 824 F. Supp.2d 419, 446 (E.D.N.Y. 2011) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). "Grand jury proceedings carry a presumption of regularity[]" and a review of grand jury minutes "rarely [is] permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 232-33 (2d Cir. 1990) (internal quotation marks and citations omitted).

4

Defendant argues that the CityTime evidence the government presented to the grand jury was "materially false" because Kelly personally did not approve Defendant's time sheets, whereas the time sheets indicate that she did. Def.'s Mot. at 3-4. As an initial matter, the government did not present Defendant's CityTime time sheets to the grand jury and Defendant does not dispute this point. *See*, March 5, 2020 Hr'g Tr. at 20. The grand jury evidence was limited to the testimony of Assistant Inspector General Sara Levinson. *Id.*; Gov't Opp'n at 4. Therefore, Defendant cannot demonstrate government misconduct before the grand jury on this ground. Alternatively, Defendant argues that the government withheld the substance of the Harrell, Kelly and Hart interviews from the grand jury, which may have influenced the grand jury's decision to indict. Def.'s Mot. at 4. This is a repetition of an argument previously made by Defendant and rejected by the Court. *See*, March 5, 2020 Hr'g Tr. at 15 (Court stated that Kelly's delegation of time sheet approvals to Hart is "not a defense" to the crime charged against Defendant).

Furthermore, Defendant does no more than speculate that the government may have misled the grand jury, which is insufficient to overcome the presumption in favor of grand jury secrecy. *See, e.g.*, *United States v. Nikas*, 2019 WL 6838673, at *3 (S.D.N.Y. Dec. 13, 2019) (denying motion to disclose grand jury minutes where request was based on speculation of government misconduct); *United States v. Hanna*, 198 F. Supp.2d 236, 248 (E.D.N.Y. 2002) (denying request for grand jury minutes for lack of a specific allegation of government misconduct); *United States v. Jensen*, 193 F. Supp.2d 601, 604 (E.D.N.Y. 2002) (same). Even if the Government had asserted improperly to the grand jury that Kelly personally approved Defendant's time sheets, such a statement would have no bearing on the elements of the crime charged and would not be a basis for dismissing the indictment. *See*, March 5, 2020 Hr'g Tr. at 15; *Bank of N.S. v. United States*, 487 U.S. 250, 254 (1988) ("[A] district court may not dismiss an indictment for errors in grand

5

jury proceedings *unless such errors prejudiced the defendant*[].") (emphasis added).  For these reasons, Defendant has failed to satisfy his heavy burden of showing a compelling necessity that would justify further disclosure of the grand jury minutes.  Accordingly, Defendant's request is denied.  The Court declines to conduct an *in camera* review of the remaining, undisclosed portions of the grand jury minutes because there is no reason to suspect government misconduct.

## II.     Exclusion of CityTime Time Sheets

### A.     Federal Rule of Criminal Procedure 16(d)(2)

Defendant asserts that the government should be precluded from introducing the CityTime time sheets as evidence at trial under Federal Rule of Criminal Procedure 16(d)(2) because the government's disclosure of the Harrell Memorandum was untimely and the memorandum is material to the preparation of his defense.  Def.'s Mot. at 4.  The government argues that Defendant has not suffered prejudice because the Court adjourned the trial to provide Defendant additional time to review the 3500 Material.  Gov't Opp'n at 5-6.

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the government to disclose, upon defendant's request, evidence that is material to the preparation of a defense.  "When the government has failed to comply with Rule 16, the district court has broad discretion to determine what remedial action, if any, is appropriate."  *United States v. Miller*, 116 F.3d 641, 681 (2d Cir. 1997).  The Court may order a party to permit discovery, grant a continuance, prohibit a party from introducing undisclosed evidence, or enter any other order that is just under the circumstances.  *See*, Fed. R. Crim. P. 16(d)(2)(A-D).  "In deciding what remedy is appropriate under Rule 16(d)(2), the district court should consider, *inter alia*, whether the defendant was prejudiced by the government's delay in disclosing the evidence in question[.]"  *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990) (citations omitted).

Here, exclusion of the government's CityTime time sheets as evidence is unwarranted. The Court concluded that the Harrell Memorandum was *Giglio* material and should have been disclosed by the government to Defendant earlier rather than on the eve of trial. *See*, February 3, 2020 Hr'g Tr. at 2-3, 5-6. To remedy this delay, the Court postponed the trial to provide the Defendant additional time to investigate this evidence further. *Id.* at 10. Any prejudice resulting from the government's late disclosure of the Harrell Memorandum was cured by this adjournment. *See, United States v. Monsanto Lopez,* 798 F. App'x 688, 690-91 (2d Cir. 2020) (continuance of trial after government's late disclosure of evidence was sufficient to cure any prejudice, even if Rule 16 violation occurred). Notably, Defendant did not object to the adjournment, and the Court has not yet scheduled a new trial date. Defendant had ample time to review the Harrell Memorandum prior to the Court's March 5, 2020 status conference, and the Court permitted Defendant to file the instant motion regarding the 3500 Material in further support of his defense.

Defendant separately claims that he was prejudiced from the untimely disclosure of the Harrell Memorandum because it had not been provided to his expert, it would have changed and reinforced his expert's opinion and testimony, and may have influenced the Court's prior ruling regarding the scope of his expert's testimony. *See*, Def.'s Rep. at 3. Defendant's expert submitted an amended report regarding the disclosure of the 3500 Material. *See*, Amended Expert Report, Dkt. Entry No. 41-1. Defendant's speculation about the possible impact of the Harrell Memorandum on the Court's prior ruling is insufficient to demonstrate prejudice. Defendant's expert is precluded from testifying about Defendant's understanding of the CityTime system and whether Defendant received adequate training on its use under Federal Rules of Evidence 702(b) and 704(b). *See*, Summary Order, Dkt. Entry No. 29 at 2-3. Kelly's delegation of time sheet

approvals to Hart is unrelated to those subjects. Therefore, Defendant's motion to exclude the CityTime time sheets as evidence under Rule 16(d)(2) is denied.

**B.     Federal Rule of Evidence 803(6)**

Defendant argues that the government should be precluded from introducing the CityTime time sheets as evidence at trial under Federal Rule of Evidence 803(6) because the source and method of their preparation indicate a lack of trustworthiness, and they were not kept in the course of a regularly conducted business activity. Def.'s Mot. at 5-6. Defendant relies on the fact that Kelly did not approve Defendant's time sheets personally whereas the time sheets indicate that she did. Further, Kelly delegated approvals improperly to Hart who was not authorized to perform this task and who did not have a business duty to approve time sheets. *Id.*; Def.'s Supp. Br. at 2. Defendant claims that this delegation was "extremely irregular" and demonstrates that the time sheets were not kept in the course of a regularly conducted business activity. Def.'s Mot. at 6.

The government contends that the time sheets reliably include the hours recorded by Defendant, and Hart's use of Kelly's username and password explains why Kelly's name appears as the approver of Defendant's time sheets. Gov't Opp'n at 7. Additionally, it was the regular practice of FDNY employees to fill out their time sheets in CityTime, and the FDNY relied upon the time sheets to pay its employees. Gov't Supp. Br. at 3. Thus, they were kept in the regular course of business regardless of Kelly's delegation of time sheet approvals to Hart. *Id.* at 1.

Under Federal Rule of Evidence Rule 803(6), records kept in the course of a regularly conducted business activity, if it is the business's regular practice to make the record, may be admitted as exceptions to the rule prohibiting hearsay unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. The Second Circuit "ha[s] stated that Rule 803(6) favors the admission of evidence rather than its exclusion if it has

8

any probative value at all[]" and the "principal precondition to admissibility is that the record have sufficient indicia of trustworthiness to be considered reliable." *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (internal quotation marks and citations omitted). "Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence." *Am. Equities Grp., Inc. v. Ahava Dairy Prods. Corp.*, 2004 WL 870260, at *11 (S.D.N.Y. Apr. 23, 2004) (internal quotation marks and citation omitted).

Here, Defendant has not shown that the CityTime time sheets are untrustworthy and unreliable. Defendant does not dispute that the time sheets reflect accurately the hours he input into the CityTime system and the hours for which he was paid. Indeed, Defendant's amended expert report states that the CityTime system is "[h]ighly accurate (to the second) [using] date and time stamping that tracks each user's action within the system[.]" *See*, Amended Expert Report at 7. Thus, the time sheets are probative evidence as to whether Defendant entered time in the CityTime system when, in fact, he was not working, which is a central issue in this case. Kelly's delegation of time sheet approvals to Hart bears no relationship to the accuracy and reliability of Defendant's entries on his time sheets. The appearance of Kelly's name on the time sheets also does not render them untrustworthy or unreliable. As the parties fully are aware, Hart used Kelly's username and password to approve the time sheets, which explains why her name appears, and Defendant may cross-examine Hart and Kelly about this delegation and fact at trial.

Defendant also has not shown that the time sheets were not kept in the course of a regularly conducted business activity. "A business record may include data stored electronically on computers . . . so long as the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice." *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994) (internal quotation marks and citation omitted).

9

It was a regular practice for FDNY employees, including Defendant, to enter and submit time into the CityTime system for approval, and the FDNY relied upon the time sheets to pay its employees. *See*, Exhibit A to Gov't Supp. Br., Dkt. Entry No. 44-1 at 2 ("CityTime is a secure web-based time and attendance system that employees [] use for recording time[.]"); Expert Report, Dkt. Entry No. 22-1 at 15 ("[A]ll employees must submit their timesheets regularly [in CityTime] in order to get paid.") (alterations omitted). Thus, Defendant's timesheets were prepared pursuant to a business duty and in accordance with the FDNY's regular business practice.

Even if the Court were to accept the proposition that Kelly's delegation of time sheet approvals to Hart was unauthorized or irregular, Defendant's dispute concerns the *accuracy* of her stated approvals. *See*, Def.'s Mot. at 4 ("[The] time sheets . . . state Kelly approved them. This, of course, is materially false and untrue because Kelly never approved any time sheets, her driver Heart [sic] did."). This residual argument goes to the weight and persuasiveness of the time sheets, not their admissibility. *See*, *In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570, 585 (S.D.N.Y. 2019) (finding that even though custodian's entire business model was fraudulent, "residual arguments as to the accuracy" of the business records were treated properly as "going to the weight and persuasiveness of such records, not their admissibility."). Accordingly, Defendant's motion to exclude the CityTime time sheets as evidence under Rule 803(6) is denied.

**III.    *Daubert* Hearing**

Defendant requests a *Daubert* hearing wherein the Defendant's expert would testify that Kelly's delegation of time sheet approvals to Hart renders the CityTime evidence unreliable. Def.'s Mot. at 5; Def.'s Rep. at 3. The Government contends that Defendant has misconstrued the purpose of a *Daubert* hearing and such a hearing is not warranted. Gov't Opp'n at 8.

"A *Daubert* hearing is [] held by the Court for the purpose of determining whether or not expert [] testimony proffered by any party may be admitted at trial." *Steffenhagen v. Morrill*, 2013 WL 6181856, at *1 n.2 (W.D.N.Y. Nov. 25, 2013) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)); *See also*, *Koppell v. N.Y. State Bd. of Elections*, 97 F. Supp.2d 477, 479 (S.D.N.Y. 2000) (purpose of *Daubert* hearing is to determine whether the proffered expert testimony rests on a reliable foundation and is relevant) (citing *Zuchowicz v. United States*, 140 F.3d 381, 386 (2d Cir. 1998)). Here, Defendant does not seek a *Daubert* hearing for the Court to determine the admissibility of his expert's testimony at trial. Rather, Defendant requests this hearing for an improper purpose, namely, so that his expert may opine about the reliability of the CityTime evidence. Accordingly, Defendant's request is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion for further disclosure of the grand jury minutes, exclusion of the CityTime time sheets as evidence, and a *Daubert* hearing, is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       December 6, 2021

                                                /s/
                                    DORA L. IRIZARRY
                                  United States District Judge